## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CORDELL L. GINES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:25-cv-00103-DWD** |
| | ) | |
| **ANTHONY WILLS, Warden, Menard Correctional Center,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at Menard Correctional Center, filed a Petition for a Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. The Petition is now before the Court for a preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).

On February 4, 1997, Petitioner was convicted by a jury in the Circuit Court of Jackson County, Illinois, of multiple counts of aggravated criminal sexual assault, armed robbery, and aggravated battery. Case No. 96-CF-450. He originally received an aggregate sentence of 45 years imprisonment.[1]

---

[1] Gines was initially sentenced to a concurrent term of 20 years' imprisonment on each of the three counts of aggravated criminal sexual assault and to a concurrent term of 25 years' imprisonment on each of the remaining two

Gines challenged his conviction and sentence in state and federal court. *See, e.g.,*
*Gines v. Mote*, Case No. 00-cv-902-DRH-CJP (S.D. Ill. 2000); *Gines v. Bartley*, Case No. 06-
cv-00176-DRH (S.D. Ill. 2006).[2] He filed numerous direct appeals and post-conviction
petitions in state court. (Doc. 1, pp. 8-9). Thereafter, Gines was resentenced in January
2014 to consecutive sentences totaling 60 years on counts I, IV, V, and VI (aggravated
criminal sexual assaults), with concurrent sentences on the remaining counts (10 years on
count II for aggravated criminal sexual assault; 7 years on count VII for armed robbery;
and 2 years on count VIII for aggravated battery). A subsequent appeal resulted in a
modification in that the count II sentence was modified to be served consecutive to the
sentences for counts VII and VIII—but Gines's overall 60-year sentence was not affected.
*People v. Gines*, 2015 IL App (5th) 140050-U (Nov. 20, 2015).

On April 13, 2016, Gines filed his third petition seeking habeas corpus relief
pursuant to 28 U.S.C. § 2254. *Gines v. Sullivan*, No. 16-cv-412-NJR (S.D. Ill. April 8, 2019).

---

counts of aggravated criminal sexual assault, each to be served consecutively to the 20-year prison terms. He also
received a 25-year term of imprisonment for armed robbery, to be served concurrently with the other 25-year terms.
Finally, he was sentenced to 2 years' imprisonment for aggravated battery, to be served concurrently with the 25-year
terms. Therefore, his initial sentence amounted to a 45-year term of imprisonment. See *Gines v. Bartley*, Case No. 06-
cv-00176-DRH (S.D. Ill. 2007) (Doc. 15, p. 2).

[2] The Southern District of Illinois has standard forms available to prisoners filing habeas petitions. In the instant case,
Petitioner utilized the Court's § 2254 habeas form. The form includes a question regarding prior actions Petitioner
may have filed in federal court pertaining to the same conviction. In response to this question, Petitioner indicated that
he has not previously filed "any type of petition, application, or motion" in federal court regarding the conviction that
he is challenging in this Petition. (Doc. 1, p. 17). However, a review of the Court's docket reveals three prior § 2254
petitions filed by Petitioner challenging the underlying conviction and subsequent sentence(s). *See Gines v. Sullivan*,
No. 16-cv-412-NJR (S.D. Ill. April 8, 2019); *Gines v. Mote*, Case No. 00-cv-902-DRH-CJP (S.D. Ill. 2000); *Gines
v. Bartley*, Case No. 06-cv-00176-DRH (S.D. Ill. 2006). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930
n.2 (S.D. Ill.2006) (a court may judicially notice public records available on government websites) (collecting cases).

The petition, which challenged the 60-year aggregate sentence imposed in January 2014 and modified on appeal in November 2015, was denied on April 8, 2019. *Gines v. Sullivan*, No. 16-cv-412-NJR (S.D. Ill. April 8, 2019) (Doc. 32).

Although not entirely clear, it appears that Petitioner is, once again, challenging his 60-year sentence. Specifically, Petitioner contends that in November 2024, the State's Attorney changed his underlying charges to include a charge of predatory criminal sexual assault of a child. (Doc. 1, pg. 9). Petitioner contends the State's Attorney made the change to substantiate the 60-year sentence. As a result, Petitioner claims he is being held beyond his release date. (*Id*.). Petitioner also argues that, although he has an appeal pending in Illinois, the instant lawsuit should proceed because the appeals process will "take years" and/or because the appellate court "will not address the issue." (Doc. 1, pgs. 9, 17).

Here, given the limited record, it is not plainly apparent that Petitioner is not entitled to habeas relief.[3] Accordingly, without commenting on the merits, the Court **FINDS** the Petition survives a Rule 4 preliminary review. Respondent is **ORDERED** to file an answer or other pleading within 30 days of the date of this order, *i.e.*, on or before **June 6, 2025**. Petitioner shall then have 30 days, *i.e.*, until **July 7, 2025**, to file a Reply. This Memorandum & Order does not preclude the Government from raising any objection or defense to the Petition. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois, 60601 shall constitute sufficient

---

[3] Whether Petitioner will be permitted to proceed *in forma pauperis* has not yet been resolved. (Doc. 6.) The Court, however, will not delay screening the case. Although this order directs a response, Petitioner is advised that unless he pays the filing fee or files a signed IFP motion establishing his indigence, this action may be dismissed.

service. Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and the opposing party apprised of any changes in his whereabouts. Petitioner shall notify the Clerk and the opposing party of a transfer or change of address, in writing, within 7 days. The failure to do so may result in a dismissal. *See* Fed. R. Civ. P. 41(b).

  **SO ORDERED.**

  Dated: May 8, 2025

           s/ *David W. Dugan*
           ———————————————
           DAVID W. DUGAN
           United States District Judge