IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL L. GINES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ANTHONY WILLS, Warden, Menard )<br>Correctional Center, )<br>)<br>Respondent. | Case No. 3:25-cv-00103-DWD |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner Cordell Gines' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner was incarcerated at Menard Correctional Center at the time he filed his petition but has since been moved to Pontiac Correctional Facility. *See* IDOC website, search for Petitioner's IDOC number, B20612, *available at* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Dec. 8, 2025).

## BACKGROUND

Petitioner was convicted of five counts of aggravated criminal sexual assault, one count of aggravated battery, and one count of armed robbery following a jury trial in the Circuit Court of Jackson County, Illinois, in 1997. *See People v. Gines*, No. 5-19-0044, 2021 WL 3196792, ¶ 5 (Ill. App. Ct. 2021) (submitted as Exhibit 3 to Respondent's Response to Habeas Petition and Motion for DNA Testing (Doc. 30-3)). He was sentenced to a total of 45 years imprisonment. *Id.* Petitioner's convictions and sentence were affirmed on direct

appeal. *Id.* Petitioner has raised at least thirteen state collateral challenges to his conviction and sentence. (Doc. 1, pg. 10). He is currently serving a 60-year aggregate sentence and has a projected parole date of April 17, 2026. *See* IDOC website, search for Petitioner's IDOC number, B20612, *available at* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited Dec. 8, 2025).

Petitioner filed a successive postconviction petition in February of 2011 arguing his sentence was miscalculated under Illinois' consecutive sentencing statute. *People v. Gines*, 2021 WL 3196792, ¶ 7, (Doc. 30-3). His petition was initially denied by the trial court, but the state appellate court vacated Petitioner's sentence, provided resentencing instructions and remanded the matter back to the trial court. *Id.* The trial court resentenced Petitioner to a total of 60 years in January of 2014. *Id.*, ¶¶ 9–10. In July of 2021, after another state postconviction petition, the appellate court vacated Petitioner's sentence due to jurisdictional shortcomings and again remanded the case for resentencing. *Id.*, ¶¶ 31, 38.

In July of 2022, the state trial court again resentenced Petitioner to 60 years, but the court's order incorrectly listed convictions of *predatory* criminal sexual assault rather than the actual convictions of aggravated criminal sexual assault. (Doc. 30-2, pgs. 2–3). In June of 2024, Petitioner raised this issue in another state postconviction petition. (Doc. 30-2, pgs. 7–11). On August 16, 2024, the trial court issued a revised sentencing order that addressed the scrivener's error in the previous order and correctly listed the convictions.

(Doc. 30-2, pgs. 22–29). Petitioner filed an appeal to that order, which is currently pending with the state appellate court. (Doc. 1, pg. 9).

## ANALYSIS

Petitioner filed the instant habeas petition under § 2254 on January 24, 2025. (Doc. 1). Petitioner raises a single basis for his Petition; the circuit court's 2024 judgment sentencing him to 60 years exceeds the maximum sentence for aggravated criminal sexual assault under Illinois law. (Doc. 1, pg. 9). Petitioner claims the maximum allowable sentence for his conviction is 30 years. (Doc. 1, pg. 9).

The Court's authority to grant habeas relief to a person in state custody is derived from 28 U.S.C. § 2254. Under § 2254, the Court shall entertain a petition for a writ of habeas corpus on behalf of a person in custody pursuant to a state-court judgment only on the ground that he or she is in custody in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). Habeas relief is only available where a state court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A decision is "contrary to…clearly established federal law" if the rule applied differs from the law set forth by the Supreme Court. *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)); *see also Coleman v. Hardy*, 690 F.3d 811, 814 (7th Cir. 2012). A decision "involve[s] an unreasonable application of clearly

established federal law" if the decision correctly identifies, but unreasonably applies, the rule of law to the facts of the case. *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 407 (2000)). The "operative decision" to be reviewed is that of the last state court to reach the merits of the claim. *Stechauner v. Smith*, 852 F.3d 708, 714 (7th Cir. 2017) (quoting *Harris v. Thompson*, 698 F.3d 609, 623 (7th Cir. 2012)). State court determinations of factual issues are presumptively correct, and only clear and convincing evidence will rebut that presumption. 28 U.S.C. § 2254(e)(1).

While Petitioner has previously filed multiple federal habeas petitions challenging his sentence, this is his first challenge to the most recent judgment entered upon his resentencing in 2024. As such, it is not barred as a successive application. *See Magwood v. Patterson*, 561 U.S. 320, 331 (2010); 28 U.S.C. § 2244(b).

Before the Court may reach the merits of a habeas corpus petition, a habeas petitioner must show that the two procedural hurdles of exhaustion of remedies and procedural default have been cleared. *Bolton v. Akpore*, 730 F.3d 685, 694-696 (7th Cir. 2013). A petitioner must bring his claims through "one complete round of the State's established appellate review process" before seeking federal habeas corpus relief because "the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also* 28 U.S.C. § 2254(c).

While Petitioner acknowledges that his state court appeal is still pending, he argues that he is entitled to a stay of his Petition under *Rhines v. Weber*, 544 U.S. 269 (2005), because he has been diligent in pursuing relief and the appeal was transferred to another

4

appellate district where it may take years to be resolved. (Doc. 1, pg. 9). Respondent does not contend that Petitioner failed to exhaust his state court remedies or raise the issue of procedural default. Instead, Respondent asserts that the lone basis for the Petition fails to raise a cognizable claim for habeas review. (Doc. 30, pgs. 5–6).

In *Rhines*, the Supreme Court held that it is within a district court's discretion to stay a habeas petition containing both exhausted and unexhausted claims to allow a petitioner to present his unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005). A district court may find such a stay appropriate where a petitioner demonstrates "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

The instant Petition presents no justification for such a stay. Here, unlike the mixed petition in *Rhines*, Petitioner raises only a single, unexhausted claim that the state court misapplied state sentencing statutes. Moreover, this claim clearly lacks merit. "[A]n error in […] the application of state sentencing rules does not present a cognizable claim for federal habeas relief." *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *see also Harrington v. Richter*, 562 U.S. 86, 102-03 (2011) (describing federal habeas review as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."). Nowhere in Mr. Gines' Petition does he allege that he is being held in violation of the Constitution or laws or treaties of the United States, nor does he allege that the sentence imposed violates the Eighth Amendment. (Doc. 1, pgs. 9–10). The Petition's single ground for relief that his sentence is excessive is

based exclusively on state law. Therefore, Petitioner has failed to present grounds for federal habeas relief.[1] *See Rhines*, 544 U.S. at 277 (citing 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")).

## CONCLUSION

Cordell L. Gines Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. Further, Petitioner's Motion for DNA Testing (Doc. 25) and Motion for Status (Doc. 39) are **TERMINATED as moot** because Petitioner's underlying cause of action has failed. This case is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly.

Further, pursuant to Habeas Rule 11(a), the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a petitioner is required to make "a substantial showing of the denial of the constitutional right." 28 U.S.C. § 2253(c)(2); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). To do so, a petitioner must demonstrate that "reasonable jurists could debate whether […] the petition should have been resolved in a different manner[.]" *Peterson*, 751 F.3d at 528. Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court **DENIES** issuance a certificate of appealability. Petitioner may reapply for a certificate of appealability to the United States Court of Appeals, Seventh Circuit. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

---

[1] This Court dismissed an identical claim from Petitioner in a previous habeas petition as "not cognizable on habeas review." *See Gines v. Sullivan*, No. 16-cv-412-NJR, 2019 WL 1516464, *4 (S.D. Ill. Apr. 8, 2019).

**SO ORDERED.**

Dated: December 10, 2025                    /s/ *David W. Dugan*
                                            _____
                                            DAVID W. DUGAN
                                            United States District Judge